**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

CHARLES EDWARD JONES, SR.,                                                   PLAINTIFF
ADC #144544

v.                                    NO. 4:11CV00868 JLH

STATE OF ARKANSAS                                                        DEFENDANT

## ORDER

Charles Edward Jones, Sr., currently incarcerated at the Wrightsville Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* petition, which has been docketed as a petition for a writ of mandamus, on November 10, 2011, naming as Defendant the State of Arkansas.

In his petition, Jones seeks an order directing that he be provided, at public expense, with a copy of a transcript of all his criminal proceedings for use in a *habeas* petition. It appears that Jones is either seeking an order directing the state court to provide the transcripts, or appealing the denial of the transcripts by the Arkansas Supreme Court.

To the extent that Jones is seeking an order directing the state courts to provide him with the transcripts, such relief cannot be granted, because federal courts are without authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. *Veneir v. Circuit Court of Gasconade Co.*, 528 F. Supp. 496, 498 (E.D. Mo. 1981) (collecting authorities); *Carrol v. Hobbs*, No. 5:11CV00003, 2011 WL 672053 (E.D. Ark. Jan. 31, 2011) (slip copy).

If Jones is attempting to appeal the decision of the Arkansas Supreme Court, such an appeal cannot be pursued here. Federal courts, with the exception of the United States Supreme Court, do not possess appellate jurisdiction over state court proceedings. *Atl. Coast Line R.R. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 296 (1970) (lower federal courts may not sit in review of a state court decision); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) (district courts may not

exercise appellate jurisdiction over state courts); *Williams v. McKenzie*, 834 F.2d 152, 153 (8th Cir. 1987) (federal courts are not empowered to review state court proceedings even if a federal claim has been asserted therein); *see also* 28 U.S.C. § 1257 (providing for United States Supreme Court review of state court judgments only through writ of certiorari).

Because federal courts are without authority to direct state courts or their judicial officers in the performance of their duties, and because Jones must seek review of the Arkansas Supreme Court's decision only by the United States Supreme Court through writ of certiorari, this Court lacks jurisdiction. Additionally, to the extent Jones is attempting to re-litigate issues addressed in his pending *habeas* petition,[1] he may not seek such relief in this case. Instead he must address those issues in that *habeas* action. Accordingly, Jones's petition will be dismissed as frivolous.

## CONCLUSION

IT IS THEREFORE ORDERED THAT:

1. Jones's petition is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief might be granted.

2. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certifies that an *in forma pauperis* appeal taken from the Order and Judgment dismissing this action is considered frivolous and not in good faith.

DATED this 23rd day of February, 2012.

*/s/ J. Leon Holmes*
UNITED STATES DISTRICT JUDGE

---

[1] *See Jones v. Hobbs*, No. 5:12CV00019.